UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PATRICK MCNULTY AND
FRANK MAIORANA,**

               Plaintiffs,

                          Case No.

v.

                          Hon.

**CITY OF DETROIT FINANCE DEPARTMENT, D/B/A,
DETROIT FIRE DEPARTMENT,**

               Defendant.

**GOLD STAR LAW, P.C.
MAIA E. JOHNSON (P40533)
CAITLIN E.  MALHIOT (P76606)**
Attorneys for Plaintiffs
2701 Troy Center Dr. Ste. 400
Troy, MI  48084
(248) 275-5200
mjohnson@goldstarlaw.com
cmalhiot@goldstarlaw.com

## COMPLAINT AND JURY DEMAND

Plaintiffs, Frank Maiorana and Patrick McNulty, through their attorneys,

Gold Star Law, P.C., for their Complaint state as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff, Patrick McNulty ("McNulty"), is an individual who resides

in Armada, Michigan.

2.     Plaintiff, Frank Maiorana ("Maiorana"), is an individual currently

residing in Arizona, who resided in Chesterfield, Michigan at all times relevant to this action.

3.  Defendant Detroit Fire Department ("DFD") is a department of the City of Detroit.

4.  The wrongful conduct of Defendant alleged herein occurred primarily in Wayne County, Michigan.

5.  This action arises under Title VII of the Civil Rights Act of 1964, and jurisdiction of this Court is invoked pursuant to 28 USC 1331.

6.  This action arises under the Elliott-Larsen Civil Rights Act ("ELCRA") Defendants reside within this judicial district, and venue is proper in this Court pursuant to 28 USC 1391(b).

7.  Maiorana filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 9, 2014.

8.  McNulty filed a charge of discrimination with the EEOC on June 11, 2014.

9.  The EEOC closed its file on both Plaintiffs' charges and issued Dismissals and Notices of Rights to Sue to the Plaintiffs on April 22, 2015, which Notice was received by Plaintiffs' attorneys on May 1, 2015.  Dismissals and Notices of Rights to Sue are attached as Exhibit A.

**FACTUAL ALLEGATIONS**

10.    Defendant is a department of the City of Detroit and is responsible for the operation of the fire department, and specifically the Arson Division.

11.    Maiorana worked for the DFD from July 22, 1985 until his early retirement on April 29, 2014, and was most recently the senior captain in the Arson Division, a highly specialized division of the DFD.

12.    Maiorana is a Caucasian male in his mid 50's.

13.    McNulty has worked for the DFD since May 5, 1986 and is currently a senior captain in the Arson Division, and was second to Maiorana in seniority at the time that the events giving rise to this action occurred.

14.    McNulty is a Caucasian male in his mid 50's.

15.    The majority of the members of the DFD's Arson Division were African American.

16.    Until January 27, 2014, promotions to the position of Chief of Arson in the DFD's Arson Division have occurred based upon seniority.

17.    The Plaintiffs, along with all other members of the DFD, were members of the Detroit Fire Fighters Association I.A.F.F. Local 344 ("the Union").

18.    The Union's relationship with the DFD at the time giving rise to this action was governed by a collective bargaining agreement ("CBA") which required that promotions within the DFD to the position of chief were to occur based upon

seniority.

19.     On or about January 22, 2014, during the time in which the City of Detroit was subject to the governance of Emergency Manager Kevyn Orr ("Orr"), the Chief of Arson position became vacant when current Chief of Arson El Don Parham was reassigned to the role of Captain.

20.     Instead of following past practice and the requirements of the CBA, the DFD skipped over both Maiorana and McNulty and appointed Charles Simms ("Simms") to the position of Chief of Arson.

21.     Simms is an African American male who is younger than either Plaintiff and who had less seniority than either Plaintiff.

22.     Simms' appointment to the position of Chief was the first time in the history of the DFD where strict seniority was not followed in selection of a Chief position.

23.     Maiorana was the most senior Captain in the Arson Division and should have been next in seniority for the position of Chief.

24.     McNulty was second in seniority in the Arson Division only to Maiorana and was also passed over in the selection for a Chief in favor of the less senior Simms.

25.     Prior to Simms' appointment, Simms had been included in closed door organizational meetings with Orr, who is African American, and other

African American leaders in the DFD, from which meetings the higher ranking Maiorana and McNulty had been excluded.

26. When McNulty asked African American Fire Marshall Robin Eagon why he had not been included in the above meetings, she responded that they wanted someone with "young blood" at the meetings.

27. The decision makers in the decision to pass over Maiorana and McNulty in favor of Simms were all African American.

28. Maiorana and McNulty were the only Caucasian Captains in the Arson Division.  Maiorana and McNulty were the senior captains and Simms was the junior captain.

29. Maiorana was Simms' senior lieutenant, had trained Simms, and was otherwise more qualified to become Chief than was Simms.

30. McNulty was also more experienced and more qualified to be Chief than was Simms.

31. Maiorana and others in the Department expected Maiorana to be named the next Chief of Arson, and expected McNulty to become Chief when Maiorana retired.

32. Maiorana expected to work in the Department for the next ten years and to retire as Chief.

33. Neither Plaintiff was ever given an interview or asked to submit a

resume for the open Chief of Arson position.

34. Maiorana considers being passed up for Chief as a "huge slap in the face," an act of deliberate discrimination based on his race and age, and says that he became the laughing stock of the Department as the first person to be passed over for promotion to Chief.

35. Maiorana also states that his reputation has been so severely tarnished within and outside of the Department that people have the impression that something must be wrong with him, and that he was asked daily why he had not been promoted.

36. Maiorana has suffered loss of the pay and benefits of the Chief position, along with damage to his professional reputation, the respect of his former staff and co-workers, and has experienced considerable stress and loss of self-confidence, as well as despair at the impact on a job that he loved.

37. Maiorana had no plans to retire in the near future, but felt, after being passed up for Chief, that he had experienced too much stress and loss of respect and self-confidence to properly represent the Department, and he felt forced to retire.

38. McNulty also felt that his being passed over for Chief in favor of Simms was a deliberate act of discrimination because of his race and age, and that it has irreparably tarnished his reputation within and outside of the Department and

has negatively impacted his potential for promotion in his profession.

## COUNT I - VIOLATION OF TITLE VII

39.    Plaintiffs incorporate the allegations in the foregoing paragraphs of this Complaint as if fully stated herein.

40.    Defendant is an "employer" within the coverage of the Civil Rights Act of 1964.

41.    Plaintiffs are "employees" within the coverage of the Civil Rights Act of 1964.

42.    Defendant discriminated against and refused to promote Maiorana and McNulty to the position of Chief, a position which had always been awarded based upon seniority in the past, due to their race (Caucasian) and age.

43.    Defendant's actions in so discriminating against Plaintiffs were in violation of Title VII of the Civil Rights Act of 1964.

44.    As a direct and proximate cause of Defendant's violation of the Civil Rights Act, Defendant is liable to Plaintiffs for loss of past and future income and compensatory damages in an amount to be determined at trial.

## COUNT II
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

45.    Plaintiffs incorporate the allegations in the foregoing paragraphs of this Complaint as if fully stated herein.

46.    Defendant is an "employer" within the coverage of the ELCRA.

47.     Plaintiffs are "employees" within the coverage of the ELCRA.

48.     Defendant discriminated against and refused to promote Maiorana and McNulty to the position of Chief, a position which had always been awarded based upon seniority in the past, due to their race (Caucasian) and age.

49.     Defendant's actions in so discriminating against Plaintiffs were in violation of the ELCRA.

50.     As a direct and proximate cause of Defendant's violation of the ELCRA, Defendant is liable to Plaintiffs for loss of past and future income and compensatory damages in an amount to be determined at trial.

**WHEREFORE** Plaintiffs, Patrick McNulty and Frank Maiorana, request that this Court grant judgment in their favor and against Defendant, in an amount to be determined at trial, together with their costs and reasonable attorney fees incurred herein, interest at the statutory date, economic and compensatory damages, and such other relief as the Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

 **/s/ Maia E. Johnson**
**Maia E. Johnson (P40533)**
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiff
2701 Troy Center Dr. Ste. 400
Date: May 29, 2015                    Troy, MI  48084
(248) 275-5200

8

## JURY DEMAND

Plaintiffs, Patrick McNulty and Frank Maiorana, hereby demand a trial by jury in this action.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

 **/s/ Maia E. Johnson**
**Maia E. Johnson P40533**
**Caitlin E. Malhiot P76606**
Attorneys for Plaintiff
2701 Troy Center Dr. Ste. 400
Troy, MI  48084
(248) 275-5200

Date: May 29, 2015

9